## Ex Parte Tillman.

[71 South. 910.]

Habeas Corpus. *Restraint. Binding over to grand jury.*

Where a prisoner is bound over by a justice of the peace to await the action of the grand jury on a felony charge a writ of *habeas corpus* will lie to determine whether his restraint is wrongful and in such proceeding the court can go into the merits of the case.

Appeal from the circuit court of Hinds county.

Hon. W. H. Potter, Judge.

*Habeas corpus* on behalf of Ebb Tileman. From a judgment dismissing the writ, petitioner appeals.

The facts are fully stated in the opinion of the court.

*M. Ney Williams,* for relator.

Holden, J., delivered the opinion of the court.

The appellant, Ebb Tillman, was arrested and given a preliminary trial before a justice of the peace in Hinds county on a felony charge, and was bound over, under a bond of one thousand dollars, to await the action of the grand jury. Failing to make said bond, he was committed to jail. Subsequently the appellant sued out a writ of *habeas corpus,* returnable before Judge W. H. Potter, a circuit judge. When the case was called for hearing, objection was made by the state to the introduction of any evidence on the part of appellant, which objection was sustained, and the circuit judge refused to hear the cause upon the merits, and accordingly dismissed the writ of *habeas corpus.*

It seems from the record here that the action of the circuit judge was based upon the ground that the judgment of the justice of the peace, binding the party over to await the action of the grand jury, was conclusive, and

could not be disturbed, or questioned by the writ of *habeas corpus.* The conclusion reached by the learned circuit judge was erroneous; and we hold that, under the facts disclosed by this record, the appellant was entitled to a hearing of the writ on the merits, and a decision, as to whether or not he was wrongfully deprived of his liberty. The justice of the peace had no final jurisdiction at the committing trial, nor was his judgment a final judgment which could be appealed from, but was a preliminary decision, restraining the appellant in his liberty; and in such a case, the writ of *habeas corpus* will lie to determine whether such restraint is wrongful.

*Reversed and remanded.*